FILED-CLERK
U.S. DISTRICT COURT

2015 JUL 31  PM 2: 15

EASTERN DISTRICT TX

BY_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

Ryujin Fujinomaki, Pro Se

      Plaintiff

vs.

Google Inc.,

Samsung Electronics Co., Ltd.,

Samsung Electronics America, Inc.,

Samsung Telecommunications

America, LLC,

Motorola Mobility Holdings, Inc.,

Motorola Mobility LLC,

Lg Electronics Inc.,

Lg Electronics Mobilecomm U.S.A., Inc.,

Lg Electronics U.S.A., Inc.,

Asutek Computer Inc.,

Asus Computer International, Inc., and

Huawei Technologies Co., Ltd.

      Defendants

Civil Action No. 2:15CV1381
JRG/RSP

Jury Demanded

1

TABLE OF CONTENTS

Page(s)

I. PARTIES .............................................................................2

II. JURISDICTION AND VENUE.............................................5

III. THE PATENT......................................................................6

IV. FACTUAL ALLEGATIONS......................................................6

V. DEFENDANT'S ACTS..........................................................12

VI. FIRST CLAIM FOR PATENT INFRINGEMENT:GOOGLE........18

VII. SECOND CLAIM FOR PATENT INFRINGEMENT:

SAMSUNG...........................................................................21

VIII. THIRD CLAIM FOR PATENT INFRINGEMENT:

MOTOROLA........................................................................23

IX. FOURTH CLAIM FOR PATENT INFRINGEMENT:

LG......................................................................................25

X. FIFTH CLAIM FOR PATENT INFRINGEMENT:

ASUS..................................................................................27

XI. SIXTH CLAIM FOR PATENT INFRINGEMENT:

HUAWEI.............................................................................28

XII. DEMAND FOR JURY TRIAL..............................................29

XIII. PRAYER FOR RELIEF.......................................................29

## COMPLAINT FOR PATENT INFRINGEMENT

Ryujin Fujinomaki (hereinafter "Plaintiff") sues Defendants Google Inc. (individually "Google"), Samsung Electronics Co., Ltd. (individually and collectively "Samsung"), Samsung Electronics America, Inc., (individually and collectively "Samsung"), Samsung Telecommunications America, LLC. (individually and collectively "Samsung"), Motorola Mobility Holdings, Inc. (individually and collectively "Motorola"), Motorola Mobility LLC. (individually and collectively "Motorola"), LG Electronics Inc. (individually and collectively "LG"), LG Electronics Mobilecomm U.S.A., Inc. (individually and collectively "LG"), LG Electronics U.S.A., Inc. (individually and collectively "LG"), AsusTek Computer Inc. (individually and collectively "Asus"), Asus Computer International, Inc. (individually and collectively "Asus"), Huawei Technologies Co., Ltd. (individually "Huawei"), and (collectively, "Defendants") for patent infringement under 35 U.S.C. § 271(a), (b), (c) and alleges, based on my own personal knowledge regarding my own actions and based on information and belief, as follows:

## I. THE PARTIES

1.      Ryujin Fujinomaki, Petitioner, addressed at Cerulean Tower 15F, 26-1, Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512 (A copy of the Patent Assignment Abstract of Title of U.S. Patent No. 6,151,493 is attached herein as Exhibit 1).

2

2.     Defendant Google is a company duly organized and existing under the laws of California, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google does business within the State of Texas and this district. Google also maintains a location in this state at 9606 North MoPac Expressway, Suite 700, Austin, Texas 78759.

3.     Defendant Samsung Electronics Co., Ltd. ("Samsung") is a Korean corporation, with a principal place of business at Samsung Electronics Building, 1320-10, Seocho 2- dong, Seocho-gu, Seoul 137-857, South Korea.

4.     Samsung Electronics America, Inc. ("Samsung") is a New York corporation with a principal place of business is located at 85 Challenger Road, Ridgefield Park, NJ 07660.

5.     Defendant Samsung Telecommunications America, LLC ("Samsung") is a Delaware limited liability company, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

6.     Defendant Motorola Mobility Holdings, Inc. is a company duly organized and existing under the laws of Illinois, having its principal place of business at 600 North U.S. Highway 45 Libertyville, IL 60048. Motorola Mobility Holdings, Inc. does business within the State of Texas and this district.

7.     Defendant Motorola Mobility LLC. is a Delaware limited liability company with its principal place of business at 222 West Merchandise Mart Plaza, Suite 1800, Mailstop 16. O. 19, Chicago, IL 60654. Motorola Mobility

3

LLC does business within the State of Texas and this district.

8.      Defendant LG Electronics Inc. is a company duly organized and existing under the laws of South Korea, having its principal place of business in Twin Tower 128, Yeoui-daero, Yeongdeungpo-gu, Seoul, South Korea. LG Electronics Inc. does business within the State of Texas and this district.

9.      Defendant LG Electronics Mobilecomm U.S.A., Inc. is a company duly organized and existing under the laws of California, having its principal place of business at 10101 Old Grove Road, San Diego, CA 92131. LG Electronics Mobilecomm U.S.A., Inc. does business within the State of Texas and this district.

10.     Defendant LG Electronics U.S.A., Inc. is a company duly organized and existing under the laws of New Jersey, having its principal place of business at 1000 Sylvan Avenue, Eaglewood Cliffs, NJ 07632. LG Electronics U.S.A., Inc. does business within the State of Texas and this district.

11.     Defendant AsusTek Computer Inc. is a company duly organized and existing under the laws of Taiwan, having its principal place of business in No.15 Li-Te Rd., Peitou, Taipei, 11259 Taiwan R.O.C. AsusTek Computer Inc. does business within the State of Texas and this district.

12.     Defendant Asus Computer International, Inc. is a company duly organized and existing under the laws of California, having its principal place of

4

business at 800 Corporate Way, Fremont, CA 94538-3287. Asus Computer International, Inc. does business within the State of Texas and this district.

13.     Defendant Huawei is a company duly organized and existing under the laws of China, having its principal place of business in Huawei Industrial Base, Bantian Longgang, Shenzhen P.R.C. Huawei does business within the State of Texas and this district.

## II.     JURISDICTION AND VENUE

14.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, and 284. This court has jurisdiction over the subject matter of this action under 28 U.S.C. section §§1331 and 1338(a); under the following International Treaties: Paris Convention Treaty, in particular, Article 1, Article 2, and Article 4; under the Japan Friendship Commerce and Navigation Treaty, Treaty Protocol between the United States of America and Japan, in particular, Article IV (1) and Article X (1); and under the Constitution of The United States, in particular, Article III Section 2 and Article VI.

15.     This court has personal jurisdiction over each of the Defendants. Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this district and/or have contributed to patent infringement by others in this district, the State of Texas, and elsewhere in the United States.

5

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), (b), (c) and 1400(b). Because among other things, the Defendants are subject to personal jurisdiction in this district, the Defendants have regularly conducted business in this district, and certain of the acts complained of herein occurred in this judicial district.

### III.   THE PATENT

17.     The United States Patent and Trademark Office duly and legally granted U.S. Patent No. 6,151,493 (the '493 Patent) on November 21, 2000, with a priority date September 4, 1997, and a filing date December 30, 1997 (A copy of the '493 Patent is attached herein as Exhibit 17).

18.     Each claim of the '493 Patent is valid and enforceable

19.     Plaintiff is the owner of all rights, title, and interest in and to the '493 Patent, including all rights to pursue and collect damages for past and future infringements of the patent.

### IV.   FACTUAL ALLEGATIONS

20.     The '493 Patent, in general, covers the following:

A use prohibition system which can disable a cellular phone or any other device if it separates more than a predetermined distance from the user, and at the same time give a warning to the user, such as the case of a smartphone/tablet and a smartwatch.

6

21.     On November 21, 2000, the United States Patent and Trademark Office granted the '493 Patent, entitled "Device For Unauthorized Use of Electronic Devices."

22.     Google signs 10-year Patent Pact with Samsung and LG (A copy of both articles is attached herein as Exhibit 22).

23.     In August, 2011, Google purchased Motorola Mobility for US$12.5 billion. According to Wikipedia: *"Google's stated intent for the purchase was to gain control of Motorola Mobility's portfolio of patents, so it could adequately protect other Android vendors from lawsuits."*

24.     In January, 2014, Google sells Motorola Mobility smartphone business to Lenovo for approximately US$2.91 billion, according to a **news.lenovo.com article**. Google, however, maintained ownership of the vast majority of the Motorola Mobility patent portfolio.

25.     The Plaintiff's '493 Patent was cited as prior art during the prosecution of Motorola's U.S. Patent No. 6,351,221 (A copy of U.S. Patent No. 6,351,221 is attached herein as Exhibit 25).

26.     The Plaintiff's '493 Patent was cited as prior art during the prosecution of co-inventor Toyoki Sasakura's U.S. Patent No. 7,555,286, the ('286 Patent), which is owned by the Plaintiff (A copy of said '286 Patent is attached herein as Exhibit 26).

27.     The Plaintiff's '286 Patent was cited as prior art during the prosecution of Google's U.S. Patent No. 8,410, 898, which Samsung has access to (A copy of Patent No. 8,410,898 is attached herein as Exhibit 27).

28.     The U.S. Patent No. 8,019,322 (the '322 Patent) is related to the '493 Patent, and is also owned by the Plaintiff. The '493 Patent was cited as prior art in the background art section of the '322 Patent (A copy of said '322 Patent is attached herein as Exhibit 28).

29.     The Plaintiff's '322 Patent was cited as prior art during the prosecution of LG's U.S. Patent No. 8,601,543 (A copy of Patent No. 8,601,543 is attached herein as Exhibit 29).

30.     In an article titled **Smart lock screen security options in Android 5.0 Lollipop,** under the "Trusted Devices" section, it states: ... *If I ever step far enough away from my phone that the Bluetooth connection drops, my phone's lock screen security enables so others cannot access my data* (A copy of said article is attached herein as Exhibit 30).

31.     In addition, in another article titled **6 things you didn't know about smartwatches,** it states: ... Google's Android Wear, as a platform, will likely enjoy the most market share worldwide, thanks to multiple partners including LG, Motorola, Samsung, and others. Under the section "**They prevent you from losing your phone** "it continues: *Because most smartwatches are connected to a nearby smartphone via Bluetooth, many have a little known "digital leash"*

8

*feature. This means your wrist will vibrate if you walk away from the Bluetooth-enabled phone it's wirelessly connected to. If you think about how many times you've accidentally left your phone lying around, you can see why this would be a handy feature to take advantage of. In some cases you'll need to download a free app to take advantage of this, while some smartwatches have this built-in* (A copy of said article is attached herein as Exhibit 31).

32.     In an article titled, **Android Lollipop's Best New Security Features**, it states: *...As soon as you get out of their Bluetooth range, your phone will lock itself again* (A copy of said article is attached herein as Exhibit 32).

33.     In an article titled **15 Tips and Tricks for Android Lollipop Users** it states, under the **Smart Lock** section of the article: *...if your device is stolen or left behind it will know to lock others out* (A copy of said article is attached herein as Exhibit 33).

34.     In article titled **The Ultimate Android Wear Guide** under the **Google Has Control over the Android Wear Software** it states: *...Google has-and will maintain- full control over the interface of Android Wear... It doesn't matter whether you're using the LG G Watch R, Asus ZenWatch or Moto 360, you'll get the same thing software-wise.* In the same article under the section, **Top Ten Features; Locate your Android Devices** it states: *We've also seen a lot of smartwatches that include proximity alarms, which is likely something that will be supported in Android Wear too. Any time the user walks away from their*

9

*paired device while the feature is active, the smartwatch will issue an alarm. This feature saves you from abandoning your phone somewhere like at a bar or restaurant* (A copy of said article is attached herein as Exhibit 34).

35.     In an article titled **The Next Big Thing For Business Is Here Samsung For Enterprise** under the section **SAMSUNG GALAXY GEAR FOR COMPATIBILITY**, it states: *...if your phone is ever left behind, the Galaxy Gear will automatically lock your Galaxy Note 3...*(A copy of said article is attached herein as Exhibit 35).

36.     In a Blog titled **Wearable Tech: Samsung Galaxy Gear smartwatch review** it states: *The Auto Lock is another useful feature. If the Gear and your smartphone are within range, the smartphone will not require security code to unlock. Once the Gear is out of range..., you will be asked to enter your security code. And if indeed the Gear and the paired smartphone are out of range, The Gear will remind you politely, in case you genuinely left behind your precious smartphone* (A copy of said blog is attached herein as Exhibit 36).

37.     In a Blog titled: **How to: Enable Lollipop's Smart Lock in TouchWiz on the Samsung Galaxy S5,** bloggers discuss the Smart Lock benefits (A copy of said blog article is attached herein as Exhibit 37).

38.     In an article titled: **6 things Samsung Galaxy S6 does that iPhone6 can't,** states under the **Samsung Galaxy S6 security and Smart Lock** section states: *...A GS6 owner can, for example, set his Android Wear smartwatch to be a trusted*

10

*device, so his phone stays unlocked when in hand… but then locks if he…walks off* (A copy of said article is attached herein as Exhibit 38).

39.    In a Blog article titled **Android 5.0 (aka Lollipop) and Moto 360 and Android Wear,** the bloggers are discussing the useful benefits of the Android 5 Smart Lock functionality (A copy of said Blog article is attached herein as Exhibit 39).

40.    The Defendants acts of infringement arise out of the same transaction, occurrence, or series of transactions or occurrences, and related to making, using, importing into the United States, offering for sale, or selling of the same accused product or process.

41.    Google and Samsung are jointly and severally liable for Samsung's acts of infringement regarding any version of Android and Android Wear software; Google and Motorola are jointly and severally liable for Motorola's acts of infringement; Google and LG are jointly and severally liable for LG's acts of infringement; Google and Asus are jointly and severally liable for Huawei's acts of infringement; and Google and Huawei are jointly and severally liable for Asus's acts of infringement.

42.    Questions of fact common to all Defendants exist and will arise in this action.

## V.   DEFENDANTS' ACTS

### GOOGLE

43.    Android 5.0 is the operating system provided by Google for devices such as Smartphones, Tablets, and/or similar devices. Android 5 has been upgraded from any and all versions of Android by adding the "Smart Lock" functionality, which allows devices such as Smartphones and Tablets, when paired with Wearable devices such as Smartwatches and/or similar devices (hereinafter individually and collectively the "Wearable devices"), to automatically lock when out of range of the paired Wearable device.

44.    Android Wear is the operating system provided by Google for Wearable devices. Android Wear has the warning/alarm function to notify the user when the user leaves the paired Smartphone, Tablet or similar device behind.

45.    Google manufactures and/or sells Android-based Smartphones and Tablets, which come pre-installed with or able to update to Android 5.

46.    Google manufactures and/or sells Android Wear-based Wearable devices, which have the alarm/warning function.

47.    Google has committed and continues to commit acts of infringement under 35 U.S.C. §271 (i) with any version of Android 5, (ii) with any Android operating system that allows end user customers to download or upgrade to Android 5, (iii) with any version of Android-based Smartphones and/or Tablets provided by Google or others, which come preinstalled with or able to update to

12

Android 5, (iv) with any version of Android Wear, (v) with any version of Android Wear-based Wearable devices, (vi) with any version of Android and/or Android Wear-based devices from Google or others, including any of the features or functionalities listed in the above items (collectively referred to as "Google's Accused Instrumentalities"). In committing these acts of infringement, Google acted despite an objectively high likelihood that its actions constituted infringement of the '493 Patent, and Google knew or should have known that its actions constituted an unjustifiable infringement of the '493 Patent.

**SAMSUNG**

48.     Samsung manufactures and/or sells Android-based and the other operating system-based Smartphones and Tablets. Android-based Smartphones and Tablets come pre-installed with or able to update to Android 5.

49.     Samsung develops and/or provides application software such as the Gear Manager and Gear Fit Manager (individually and collectively "Gear Application"), which come pre-installed with or able to download to Samsung Smartphones and Tablets. The Gear Application allows the user to pair Samsung Wearable devices with Samsung Smartphones and Tablets to, subsequently, activate the "Auto Lock" security function, which is the same as the Android 5 "Smart Lock" security function.

50.     Samsung manufactures and/or sells Android Wear-based Wearable devices such as the Samsung Gear Live and the other operating system-based

Wearable devices such as the Samsung Gear Fit and the Samsung Gear S, which contain the alarm/warning function.

51.    Samsung has committed and continues to commit acts of infringement under 35 U.S.C. §271 (i) with any version of Android-based Smartphones and Tablets provided by Samsung, which come preinstalled with or able to update to Android 5, (ii) with any version of Smartphones and Tablets provided by Samsung, which come preinstalled with or able to download the Gear Application, (iii) with any version of Android Wear-based Wearable devices provided by Samsung, (iv) with any version of Wearable devices provided by Samsung, which has the alarm/warning function and paired with the Smartphone and/or Tablet that has the Auto Lock or the Smart Lock function, (v) with any version of devices, including any of the features or functionalities listed in the above items (collectively referred to as "Samsung's Accused Instrumentalities"). In committing these acts of infringement, Samsung acted despite an objectively high likelihood that its actions constituted infringement of the '493 Patent, and Samsung knew or should have known that its actions constituted an unjustifiable infringement of the '493 Patent.

**MOTOROLA**

52.    Motorola manufactures and/or sells Android-based Smartphones and Tablets, which come preinstalled with or able to update to Android 5.

53.    Motorola manufactures and supplies Google with the "NEXUS 6" smartphone.

54.    Motorola manufactures and/or sells Android Wear-based Wearable devices such as the Moto360 and other Wearable devices, which contain the alarm/warning function.

55.    Motorola has committed and continues to commit acts of infringement under 35 U.S.C. §271 (i) with any version of Android-based Smartphones and Tablets provided by Motorola, which come preinstalled with or able to update to Android 5, (ii) with any version of Android Wear-based Wearable devices provided by Motorola, (iii) with any version of devices provided by Motorola, including any of the features or functionalities listed in the above items (collectively referred to as "Motorola's Accused Instrumentalities"). In committing these acts of infringement, Motorola acted despite an objectively high likelihood that its actions constituted infringement of the '493 Patent, and Motorola knew or should have known that its actions constituted an unjustifiable infringement of the '493 Patent.

### LG

56.    LG manufactures and/or sells Android-based Smartphones and Tablets, which come preinstalled with or able to update to Android 5.

57.    LG manufactures and/or supplies Google with the "NEXUS 5" smartphones.

58.     LG manufactures and/or sells Android Wear-based Wearable devices such as the LG Watch Urban and other Wearable devices, which contain the alarm/warning function.

59.     LG has committed and continues to commit acts of infringement under 35 U.S.C. §271 (i) with any version of Android-based Smartphones and Tablets provided by LG, which come preinstalled with or able to update to Android 5, (ii) with any version of Android Wear-based Wearable devices provided by LG, (iii) with any version of devices provided by LG, including any of the features or functionalities listed in the above items (collectively referred to as "LG's Accused Instrumentalities"). In committing these acts of infringement, LG acted despite an objectively high likelihood that its actions constituted infringement of the '493 Patent, and LG knew or should have known that its actions constituted an unjustifiable infringement of the '493 Patent.

**ASUS**

60.     Asus manufactures and/or sells Android-based Smartphones and Tablets, which come preinstalled with or able to update to Android 5.

61.     Asus manufactures and supplies Google with the "NEXUS 7".

62.     Asus manufactures and/or sells Android Wear-based Wearable devices such as the ASUS Zen-Watch and other Wearable devices, which contain the alarm/warning function.

16

63.    Asus has committed and continues to commit acts of infringement under 35 U.S.C. §271 (i) with any version of Android-based Smartphones and Tablets provided by Asus, which come preinstalled with or able to update to Android 5, (ii) with any version of Android Wear-based devices provided by Asus, (iii) with any version of devices provided by Asus, including any of the features or functionalities listed in the above items (collectively referred to as "Asus's Accused Instrumentalities"). In committing these acts of infringement, Asus acted despite an objectively high likelihood that its actions constituted infringement of the '493 Patent, and Asus knew or should have known that its actions constituted an unjustifiable infringement of the '493 Patent.

### HUAWEI

64.    Huawei manufactures and/or sells Android-based Smartphones and Tablets, which come preinstalled with or able to update to Android 5.

65.    Huawei manufactures and/or sells Wearable devices, such as the TalkBand B1 and other Wearable devices, which contain the warning/alarm function.

66.    Huawei has committed and continues to commit acts of infringement under 35 U.S.C. §271 (i) with any version of Android-based Smartphones and Tablets provided by Huawei, which come preinstalled with or able to update to Android 5, (ii) with any version of Wearable devices, which has the alarm/warning function and paired with Smartphone and/or Tablet that has the

same auto locking function as the Auto Lock or the Smart Lock, (iii) with any version of devices provided by Huawei, including any of the features or functionalities listed in the above items (collectively referred to as "Huawei's Accused Instrumentalities"). In committing these acts of infringement, Huawei acted despite an objectively high likelihood that its actions constituted infringement of the '493 Patent, and Huawei knew or should have known that its actions constituted an unjustifiable infringement of the '493 Patent.

## VI.   FIRST CLAIM FOR PATENT INFRINGEMENT: GOOGLE

67.   The Plaintiff incorporates by reference each of the allegations in paragraphs 1-67 above and further alleges as follows:

68.   Google has infringed and continues to infringe the '493 Patent directly and indirectly by both inducement and contributory.

69.   Google's Accused Instrumentalities meet one or more of the claims of the '493 Patent.

70.   Google makes, uses, sells, offers for sale, and/or distributes Google's Accused Instrumentalities in the Eastern District of Texas, in the State of Texas, and within the United States without permission from the Plaintiff.

71.   As a result, Google infringes the '493 Patent under 35 U.S.C. §271(a).

72.   Google has actual knowledge of the '493 Patent. Google's infringement of the '493 Patent has been and continues to be willful, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. §284.

73.   Google indirectly infringes the '493 Patent by inducing infringement by

18

others, such as device manufacturers, resellers, retailers, and end user customers, for example, by encouraging and/or instructing device manufacturers, resellers, and retailers to make, use, import, sell, and offer to sell Google's Accused Instrumentalities in the State of Texas, in this district, and elsewhere in the United States, and by instructing end user customers to install and/or to use Google's Accused Instrumentalities in the United States.

74.     Google took the above actions intending to cause infringing acts by others.

75.     Google was aware of the '493 Patent and knew that the others' actions, if taken, would constitute infringement of the '493 Patent. Alternatively, Google believed that there was a high probability that others would infringe the '493 Patent but remained willfully blind to the infringing nature of others' actions. Therefore, Google infringes the '493 Patent under 35 U.S.C. §271(b).

76.     Google indirectly infringe the '493 Patent by contributing to infringement by others, such as device manufacturers, resellers, retailers, and end user customers by offering device manufacturers, resellers, and retailers to sell and/or selling, and by offering end user customers to use within the United States products that contain components that constitute a material part of the inventions claimed in the '493 Patent, and components of apparatus that are used to practice one or more processes/methods covered by the claims of the '493 Patent and that constitute a material part of the inventions claimed in the '493 Patent. Such components are, for example, the software components that

19

provide the Smart Lock function, such as Android 5; and the software components that provide the warning/alarm functions such as Android Wear.

77.     In the above offering to sell and/or selling, such as device manufacturers, resellers, retailers, and by offering end user customers to use, Google has known these components to be especially made or especially adapted for in an infringement of the '493 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Google believed that there was a high probability that others would infringe the '493 Patent but remained willfully blind to the infringing nature of others' actions. Therefore, Google infringes the '493 Patent under 35 U.S.C. §271(c).

78.     Google's infringing acts have caused great damage to the Plaintiff. Therefore, the Plaintiff is entitled to recover monetary damages from Google.

79.     Google's aforementioned acts have caused damage to the Plaintiff and will continue to do irreparable injury to the Plaintiff for which there is no sufficient remedy at law. Thus, the Plaintiff is entitled to injunctive relief under 35 U.S.C. §283.

80.     If Google releases any new version of any Google's Accused Instrumentalities, said instrumentalities meet the claims of the '493 Patent and infringe under 35 U.S.C. §271 similarly to Google's current infringement described herein.

VII.   SECOND CLAIM FOR PATENT INFRINGEMENT:

SAMSUNG

81.   The Plaintiff incorporates by reference each of the allegations in paragraphs 1-81 above and further alleges as follows:

82.   Samsung has infringed and continues to infringe the '493 Patent directly and indirectly by both inducement and contributory.

83.   Samsung's Accused Instrumentalities meet one or more of the claims of the '493 Patent.

84.   Samsung makes, uses, sells, offers for sale, and/or distributes Samsung's Accused Instrumentalities in the Eastern District of Texas, in the State of Texas, and within the United States without permission from the Plaintiff.

85.   As a result, Samsung infringes the '493 Patent under 35 U.S.C. §271(a).

86.   Samsung has actual knowledge of the '493 Patent. Samsung's infringement of the '493 Patent has been and continues to be willful, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. §284.

87.   Samsung indirectly infringes the '493 Patent by inducing infringement by others, such as, resellers, retailers, and end user customers, for example, by encouraging and/or instructing resellers, and retailers to make, use, import, sell, and offer to sell Samsung's Accused Instrumentalities in the State of Texas, in this district, and elsewhere in the United States, and by instructing end user

customers to install and/or to use Samsung's Accused Instrumentalities in the United States.

88.    Samsung took the above actions intending to cause infringing acts by others.

89.    Samsung was aware of the '493 Patent and knew that the others' actions, if taken, would constitute infringement of the '493 Patent. Alternatively, Samsung believed that there was a high probability that others would infringe the '493 Patent but remained willfully blind to the infringing nature of others' actions. Therefore, Samsung infringes the '493 Patent under 35 U.S.C. §271(b).

90.    Samsung indirectly infringe the '493 Patent by contributing to infringement by others, such as resellers, retailers, and end user customers by offering resellers, and retailers to sell and/or selling, and by offering end user customers to use within the United States products that contain components that constitute a material part of the inventions claimed in the '493 Patent, and components of apparatus that are used to practice one or more processes/methods covered by the claims of the '493 Patent and that constitute a material part of the inventions claimed in the '493 Patent. Such components are, for example, the software components that provide the auto locking function same as the Smart Lock function of Android 5, such as Gear Application and the software components that provide the warning/alarm functions.

91.    In the above offering to sell and/or selling, such as resellers, retailers, and by offering end user customers to use, Samsung has known these

22

components to be especially made or especially adapted for in an infringement of the '493 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Samsung believed that there was a high probability that others would infringe the '493 Patent but remained willfully blind to the infringing nature of others' actions. Therefore, Samsung infringes the '493 Patent under 35 U.S.C. §271(c).

92. Samsung's infringing acts have caused great damage to the Plaintiff. Therefore, the Plaintiff is entitled to recover monetary damages from Samsung.

93. Samsung's aforementioned acts have caused damage to the Plaintiff and will continue to do irreparable injury to the Plaintiff for which there is no sufficient remedy at law. Thus, the Plaintiff is entitled to injunctive relief under 35 U.S.C. §283.

94. If Samsung releases any new version of any Samsung's Accused Instrumentalities, said Instrumentalities meet the claims of the '493 Patent and infringe under 35 U.S.C. §271 similarly to Samsung's current infringement described herein.

## VIII. THIRD CLAIM FOR PATENT INFRINGEMENT: MOTOROLA

95. The Plaintiff incorporates by reference each of the allegations in paragraphs 1-95 above and further alleges as follows:

96. Motorola has infringed and continues to infringe the '493 Patent directly

and indirectly by inducement.

97.     Motorola's Accused Instrumentalities meet one or more of the claims of the '493 Patent.

98.     Motorola makes, uses, sells, offers for sale, and/or distributes Motorola's Accused Instrumentalities in the Eastern District of Texas, in the State of Texas, and within the United States without permission from the Plaintiff.

99.     As a result, Motorola infringes the '493 Patent under 35 U.S.C. §271(a).

100.    Motorola has actual knowledge of the '493 Patent. Motorola's infringement of the '493 Patent has been and continues to be willful, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. §284.

101.    Motorola indirectly infringes the '493 Patent by inducing infringement by others, such as, resellers, retailers, and end user customers, for example, by encouraging and/or instructing resellers, and retailers to make, use, import, sell, and offer to sell Motorola's Accused Instrumentalities in the State of Texas, in this district, and elsewhere in the United States, and by instructing end user customers to use Motorola's Accused Instrumentalities in the United States.

102.    Motorola took the above actions intending to cause infringing acts by others.

103.    Motorola was aware of the '493 Patent and knew that the others' actions, if taken, would constitute infringement of the '493 Patent. Alternatively, Motorola believed that there was a high probability that others would infringe

24

the '493 Patent but remained willfully blind to the infringing nature of others' actions. Therefore, Motorola infringes the '493 Patent under 35 U.S.C. §271(b).

104.     Motorola's infringing acts have caused great damage to the Plaintiff. Therefore, the Plaintiff is entitled to recover monetary damages from Motorola.

105.     Motorola's aforementioned acts have caused damage to the Plaintiff and will continue to do irreparable injury to the Plaintiff for which there is no sufficient remedy at law. Thus, the Plaintiff is entitled to injunctive relief under 35 U.S.C. §283.

106.     If Motorola releases any new version of any Motorola's Accused Instrumentalities, said instrumentalities meet the claims of the '493 Patent and infringe under 35 U.S.C. §271 similarly to Motorola's current infringement described herein.

## IX.     FOURTH CLAIM FOR PATENT INFRINGEMENT: LG

107.     The Plaintiff incorporates by reference each of the allegations in paragraphs 1-107 above and further alleges as follows:

108.     LG has infringed and continues to infringe the '493 Patent directly and indirectly by inducement.

109.     LG's Accused Instrumentalities meet one or more of the claims of the '493 Patent.

110.     LG makes, uses, sells, offers for sale, and/or distributes LG's Accused Instrumentalities in the Eastern District of Texas, in the State of Texas, and within the United States without permission from the Plaintiff.

111.    As a result, LG infringes the '493 Patent under 35 U.S.C. §271(a).

112.    LG has actual knowledge of the '493 Patent. LG's infringement of the '493 Patent has been and continues to be willful, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. §284.

113.    LG indirectly infringes the '493 Patent by inducing infringement by others, such as, resellers, retailers, and end user customers, for example, by encouraging and/or instructing resellers, and retailers to make, use, import, sell, and offer to sell LG's Accused Instrumentalities in the State of Texas, in this district, and elsewhere in the United States, and by instructing end user customers to install and to use LG's Accused Instrumentalities in the United States.

114.    LG took the above actions intending to cause infringing acts by others.

115.    LG was aware of the '493 Patent and knew that the others' actions, if taken, would constitute infringement of the '493 Patent. Alternatively, LG believed that there was a high probability that others would infringe the '493 Patent but remained willfully blind to the infringing nature of others' actions. Therefore, LG infringes the '493 Patent under 35 U.S.C. §271(b).

116.    LG's infringing acts have caused great damage to the Plaintiff. Therefore, the Plaintiff is entitled to recover monetary damages from LG.

117.    LG's aforementioned acts have caused damage to the Plaintiff and will continue to do irreparable injury to the Plaintiff for which there is no sufficient remedy at law. Thus, the Plaintiff is entitled to injunctive relief under 35 U.S.C.

§283.

118.    If LG releases any new version of any LG's Accused Instrumentalities, said instrumentalities meet the claims of the '493 Patent and infringe under 35 U.S.C. §271 similarly to LG's current infringement described herein.

## X. FIFTH CLAIM FOR PATENT INFRINGEMENT: ASUS

119.    The Plaintiff incorporates by reference each of the allegations in paragraphs 1-119 above and further alleges as follows:

120.    Asus has infringed and continues to infringe the '493 Patent.

121.    Asus's Accused Instrumentalities meet one or more of the claims of the '493 Patent.

122.    Asus makes, uses, sells, offers for sale, and/or distributes Asus's Accused Instrumentalities in the Eastern District of Texas, the State of Texas, and within the United States without permission from the Plaintiff.

123.    As a result, Asus infringes the '493 Patent under 35 U.S.C. §271(a).

124.    Asus's infringing acts have caused great damage to the Plaintiff. Therefore, The Plaintiff is entitled to recover monetary damages from Asus.

125.    Asus's aforementioned acts have caused damage to the Plaintiff and will continue to do irreparable injury to the Plaintiff for which there is no sufficient remedy at law. Thus, the Plaintiff is entitled to injunctive relief under 35 U.S.C. §283.

126.    If Asus releases any new version of any Asus's Accused Instrumentalities, said instrumentalities meet the claims of the '493 Patent and

infringe under 35 U.S.C. §271 similarly to Asus's current infringement described herein.

## XI.   SIXTH CLAIM FOR PATENT INFRINGEMENT: HUAWEI

127.   The Plaintiff incorporates by reference each of the allegations in paragraphs 1-127 above and further alleges as follows:

128.   Huawei has infringed and continues to infringe the '493 Patent.

129.   Huawei's Accused Instrumentalities meet one or more of the claims of the '493 Patent.

130.   Huawei makes, uses, sells, offers for sale, and/or distributes Huawei's Accused Instrumentalities in the Eastern District of Texas, the State of Texas, and within the United States without permission from the Plaintiff.

131.   As a result, Huawei infringes the '493 Patent under 35 U.S.C. §271(a).

132.   Huawei's infringing acts have caused great damage to the Plaintiff. Therefore, The Plaintiff is entitled to recover monetary damages from Huawei.

133.   Huawei's aforementioned acts have caused damage to the Plaintiff and will continue to do irreparable injury to the Plaintiff for which there is no sufficient remedy at law. Thus, the Plaintiff is entitled to injunctive relief under 35 U.S.C. §283.

134.   If Huawei releases any new version of any Huawei's Accused Instrumentalities, said instrumentalities meet the claims of the '493 Patent and infringe under 35 U.S.C. §271(a) similarly to Huawei's current infringement described herein.

## XII.   DEMAND FOR JULY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## XIII.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays judgment against Defendants as follows:

1. A judgment that the Defendants have directly infringed the '493 Patent, contributorily infringed the '493 Patent, and induced the infringement of the '493 Patent;

2. A preliminary and permanent injunction preventing the Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the '493 Patent;

3. A judgment that the Google's, Samsung's, Motorola's, and LG's infringement of the '493 Patent have been willful;

4. A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284;

5. A judgment and order requiring Defendants to pay Plaintiff the costs of this action (including all disbursements);

6. A judgment and order requiring Defendants to pay Plaintiff pre-judgment and postjudgment interest on the damages awarded;

7. Such other and further relief as the Court may deem just and proper.

29

30

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


VERIFICATION


I, _Ryujin Fujinomiya_ being duly sworn,
depose and say

I am the person filing the Complaint for Patent Infringement;

the statements are true to the knowledge of the deponent, except as to

matters alleged on information and belief, and that as to those matters

he believes it to be true.

My belief, as to those matters therein not stated upon my

knowledge, is based upon communication with other persons.

Dated: 31, July 2015

Ryujin Fujinomaki

Sworn to me before this 31st day of July, 2015

KALEY BAKER
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 06-23-2019