# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Ryujin Fujinomaki, | § | |
| | § | |
| Plaintiff, | § | No. 2:15-cv-1381 |
| | § | |
| v. | § | |
| | § | |
| Google Inc., Samsung Electronics America, | § | |
| Inc., Samsung Telecommunications | § | JURY TRIAL DEMANDED |
| America, LLC, Motorola Mobility Holdings, | § | |
| Inc., Motorola Mobility LLC, LG Electronics | § | |
| Inc., LG Electronics Mobilecomm U.S.A. | § | |
| Inc., LG Electronics U.S.A. Inc., Asutek | § | |
| Computer Inc., Asus Computer International | § | |
| Inc., and Huawei Technologies Co., Ltd., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT GOOGLE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, TO SEVER THE CASE AS TO CO-DEFENDANTS AND TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ........................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ...................................... 1

    A.    Litigation Status ................................................................................ 1

    B.    Asserted Patent .................................................................................. 2

    C.    Accused Product ............................................................................... 2

    D.    The Parties, Their Locations, Potential Witnesses, and Evidence ......... 2

        1.    Plaintiff and the Inventors Reside in Japan .......................... 2

        2.    Witnesses and Documents Regarding Google's Accused Product are Located in Northern California ............................. 2

        3.    No Relevant or Material Third Parties Are Located in the Eastern District of Texas ............................................. 3

III.    LEGAL STANDARD .................................................................................... 4

IV.    ARGUMENT .................................................................................................. 5

    A.    Plaintiff Could Have Brought This Action in the Northern District of California ......................................................................... 5

    B.    Private Interest Factors Weigh in Favor of Transfer to the Northern District of California ......................................................... 6

        1.    Easier Access to Sources of Proof Favors the Northern District of California ............................................................ 6

        2.    Availability of Compulsory Process Favors the Northern District of California ............................................................ 7

        3.    Cost of Attendance for Willing Witnesses Favors the Northern District of California .............................................. 8

        4.    All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive Favor Transfer ........................................ 11

    C.    Public Interest Factors Support Transfer to the Northern District of California ......................................................................... 11

        1.    Relative Court Congestion Supports Transfer ...................... 11

        2.    Local Interest in Having Localized Interests Decided at Home Favors Transfer .................................................. 12

        3.    Both Forums Are Familiar with the Governing Law .............. 13

        4.    There is No Conflict of Law Question ................................... 13

V.    SEVERANCE OF THIS CASE AS TO CO-DEFENDANTS IS APPROPRIATE ........ 13

VI.    CONCLUSION ............................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010)......................................................................8, 10

*Adaptix, Inc. v. HTC Corp.*,
   937 F. Supp. 2d 867 (E.D. Tex. 2013)...................................................................8

*Blue Spike, LLC v. Tex. Instruments, Inc.*,
   Nos. 6:12-cv-499 and 6:12-cv-558,
   2014 U.S. Dist. LEXIS 52426 (E.D. Tex. Mar. 13, 2014)............................................ *passim*

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009).............................................................. *passim*

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009).....................................................................8, 12

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) ........................................................................5

*Internet Machs. LLC v. Alienware Corp.*,
   No. 10-cv-023, 2011 U.S. Dist. LEXIS 66207 (E.D. Tex. Jun 7, 2011) ...............................11

*Mohamed v. Mazda Motor Corp.*,
   90 F. Supp. 2d 757 (E.D. Tex. 2000).................................................................5

*Network Prot. Sciences, LLC v. Juniper Networks, Inc.*,
   No. 10-cv-224-JRG, 2012 U.S. Dist. LEXIS 7575 (E.D. Tex. Jan. 23, 2012) ........................12

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir 2009)........................................................................5

*Plant Equip. Inc. v. Intrado Inc.*,
   Civil Action No. 2-09-cv-395-TJW, 2010 WL 2465358 (E.D. Tex. June 16, 2010) ...............6

*Regent Markets Group, Ltd. v. IG Markets, Inc.*,
   No. 2:10-CV-42, 2011 WL 1135123 (E.D. Tex. Mar. 25, 2011) .............................................8

*Schifferaw v. Emson USA*,
   C.A. 2:09-cv-54, 2010 U.S. Dist. LEXIS 25612 (E.D. Tex. Mar. 18, 2010) .........................14

*Software Rights Archive, LLC v. Google Inc.*,
   No. 2:07-cv-511, 2010 WL 2950351 (E.D. Tex. July 22, 2010)...........................................12

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014)................................................................................5

*Transunion Intelligence L.L.C. v. Search America, Inc.*,
  Case No. 2:10-CV-130, 2011 WL 1327038 (E.D. Tex. Apr. 5, 2011)...................................11

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008).........................................................................4, 7

*In re Verizon Bus. Network Servs. Inc.*,
  635 F.3d 559 (Fed. Cir. 2011)..............................................................................9

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ........................................................................ *passim*

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) (en banc) ................................................................4, 6, 9, 13

## Statutes

28 U.S.C. §§ 1331 and 1338(a).............................................................................5

28 U.S.C. § 1391(b) ......................................................................................6

28 U.S.C. § 1404(a) .................................................................................. *passim*

## Other Authorities

Fed. R. Civ. P. 21......................................................................................14

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Google Inc. ("Google") submits this memorandum of points and authorities to support its motion to transfer venue to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a) or, in the alternative, to sever the case as to co-defendants and transfer venue to the Northern District of California.

## I.    INTRODUCTION

This action lacks a connection to the Eastern District of Texas.  Plaintiff Ryujin Fujunomaki ("Plaintiff") is a resident of Tokyo, Japan.  Toyoki Sasakura and Kenichi Miyamato (the inventors of the asserted patent) reside in Ashiya, Japan, and Tokyo, Japan, respectively. Google is headquartered in Mountain View, California, which is in the Northern District of California.  The witnesses most knowledgeable about the accused product also reside and work in or near Mountain View, California.  Documents related to the accused product are in, or most easily accessible from, Mountain View, California. While none of the potential third party witnesses that Google has identified so far are in Texas, let alone the Eastern District of Texas, at least one third party witness knowledgeable about potentially invalidating prior art resides in the Northern District of California.

Given the Northern District of California's strong connection to this action, Google respectfully requests this Court grant a transfer under 28 U.S.C. § 1404(a).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Litigation Status

On July 31, 2015, Plaintiff filed a complaint against Google, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Motorola Mobility Holdings, Inc., Motorola Mobility LLC, LG Electronics Inc., LG Electronics Mobilecomm U.S.A., Inc., LG Electronics U.S.A., Inc., ASUSTek Computer Inc., ASUS

Computer International, Inc., and Huawei Technologies Co., Ltd. alleging infringement of U.S.

Patent No. 6,151,493 ("the '493 patent").  (Dkt. 1).

## B.      Asserted Patent

Plaintiff alleges that the '493 patent covers:

A use prohibition system which can disable a cellular phone or any other device if it separates more than a predetermined distance from the user, and at the same time give a warning to the user, such as the case of a smartphone/tablet and a smartwatch.  (*Id.*, ¶ 20.)

## C.      Accused Product

Plaintiff asserts the '493 patent against Google's Smart Lock feature ("Accused

Product"), "which allows devices such as Smartphones and Tablets, when paired with wearable

devices such as Smartwatches and/or similar devices … to automatically lock when out of range

of the paired Wearable device."  *Id.*, ¶ 43.  Plaintiff asserts that Smart Lock is a part of Android

5.0 and, thus, that any device running Android 5.0 infringes the '493 patent.  *Id.*, ¶¶ 43, 47.  And

for each of the non-Google defendants, Plaintiff asserts that their accused devices infringe

because they run Android 5.0 and include the Smart Lock feature.  *Id.*, ¶¶48, 51-52, 55-56, 59-

60, 63-64, 66.

## D.      The Parties, Their Locations, Potential Witnesses, and Evidence

### 1.      *Plaintiff and the Inventors Reside in Japan*

Plaintiff resides in Tokyo, Japan.  Dkt. 1, ¶ 1.  Both named inventors live in Japan.

Declaration of Jonathan K. Waldrop in Support of Google's Motion to Transfer Venue

("Waldrop Decl."), ¶ 3, Ex. B.  Plaintiff lacks any ties to the Eastern District of Texas.

### 2.      *Witnesses and Documents Regarding Google's Accused Product are Located in Northern California*

Google is headquartered in Mountain View, California, within the Northern District of

California.  Declaration of David Hoffman in Support of Google's Motion to Transfer Venue

("Hoffman Decl."), ¶ 3. The Mountain View headquarters is the strategic center for Google's business.  *Id.*, ¶ 6.

The engineers and project managers who work on the design and development of the Accused Product are in Mountain View.  *Id.*, ¶¶ 7-8.  Indeed, all of the research, design, and development activities related to the Accused Product, as well as a majority of the marketing, sales, pricing and finance decisions related to the Accused Product, occur in the Northern District of California.  *Id.*, ¶¶ 6-8.

None of the Google employees involved in the development or management of the Accused Product are in the Eastern District of Texas.  *Id.*, ¶ 9.  In fact, Google currently maintains no operations, facilities, or employees in the Eastern District of Texas.[1]  *Id.*, ¶ 9. Nearly all of the business documents and records relating to the Accused Product are physically present in and managed from Mountain View.  *Id.*, ¶ 12.  As a matter of Google practice, documents in Google's possession about its services and products are created and maintained by the employees working on those services and products.  *Id.*, ¶ 13.  As discussed above, those people are in Mountain View, California; none are in the Eastern District of Texas.  *Id.*, ¶¶ 7-9, 13.

> 3.     *No Relevant or Material Third Parties Are Located in the Eastern District of Texas*

To date, Google has identified several third party individuals in possession of material information regarding the invalidity of the '493 patent.  Although none are in the Eastern District of Texas, at least one is in Hayward, California, which is in the Northern District of California. Sushil Prakash, the inventor and original owner of U.S. Patent No. 5,841,352 ("the '352

---

[1] In April 2012, Google opened a small, temporary office for a handful of employees in Frisco, Texas.  *Id.*, ¶ 10. Based upon Google's investigation, none of the employees at this location worked on the Accused Product.  *Id.*, ¶ 10.  Google closed this temporary office in 2013; the office has been vacant since November 2013, and all Google hardware was removed in December 2013.  *Id.*, ¶ 10.

reference") titled "Child Monitor," which issued on November 24, 1998, appears to reside in

Hayward, California.  Waldrop Decl., ¶ 12, Ex. K.  Mr. Prakash likely knows of other potentially

invalidating prior art.  Other prior artists identified by Google include:  (1) Chun-Chang Kuo of

Taiwan; (2) Jerome H. Lemelson of Metuchen, New Jersey; (3) Seo-Yong Chin of Korea; and

(4) Thomas G. Xydis of Ann Arbor, Michigan.  Waldrop Decl., ¶¶ 13-18, Exs. L-Q.

## III.  **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been

brought…."  28 U.S.C. § 1404(a).  In patent cases, the law of the local circuit in which the case

was originally brought governs the analysis of a transfer motion.  *In re Genentech, Inc.*, 566 F.3d

1338, 1341-42 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

The movant must first establish that the case could have been brought in the proposed

transferee district.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

Once established, the court must weigh the relative convenience of the transferee district against

the original district, which involves analyzing several private and public interest factors.  *Id.*  The

private interest factors are:  "(1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case

easy, expeditious and inexpensive."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.

2008) (en banc) ("*Volkswagen II*") (citations omitted).

The public interest factors include:  "(1) the administrative difficulties flowing from court

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary

problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at

315 (citations omitted).  "Typically, the most important of the above factors is whether substantial inconvenience will be visited upon key fact witnesses should the court deny transfer." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000).  "The Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer…."  *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir 2009).

The Federal Circuit, in applying Fifth Circuit law, has found that transfer is appropriate where:

> nothing favors the transferor forum, whereas several factors favor the transferee forum. The analysis may not show that the transferee forum is *far* more convenient. But that is not what is required. With nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is 'clearly more convenient.'

*In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (citing *Volkswagen II*, 545 F.3d at 315).

## IV.   ARGUMENT

### A.   Plaintiff Could Have Brought This Action in the Northern District of California

The threshold determination for a Section 1404(a) transfer analysis is whether the action could have been filed in the transferee judicial district.  *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).  A case could have been brought in the transferee court if that court has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and if it is a proper venue for the case.  *Blue Spike, LLC v. Tex. Instruments, Inc.*, Nos. 6:12-cv-499 and 6:12-cv-558, 2014 U.S. Dist. LEXIS 52426, at *98 (E.D. Tex. Mar. 13, 2014) (Waldrop Decl. at Ex. V).

Here, the Northern District of California has subject jurisdiction over Plaintiff's patent claims under 28 U.S.C. §§ 1331 and 1338(a).  The Northern District of California also has personal jurisdiction over Google and is a proper venue for this case because, Google regularly

conducts business, maintains its headquarters, and employs the bulk of its personnel in that district.  *See* 28 U.S.C. § 1391(b).  Plaintiff also could have sued the non-Google defendants in the Northern District of California because each of them is subject to personal jurisdiction there. Waldrop Decl., ¶ 27.

**B.      Private Interest Factors Weigh in Favor of Transfer to the Northern District of California**

In deciding whether to transfer a case, courts consider several private interest factors, which include "(1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *In re Volkswagen I*, 371 F.3d at 203.  At least three of these factors support transfer to the Northern District of California.

*1.      Easier Access to Sources of Proof Favors the Northern District of California*

A court deciding whether to transfer venue must consider which party will likely "have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues."  *Blue Spike*, 2014 U.S. Dist. LEXIS 52426, at *102. (Ex. V) "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal citations and quotations omitted).  The location of documents and evidence remains an important factor, despite advances in data transfer technologies.  *Id.*  "Even in the age of electronic discovery, considerations of physical evidence remain meaningful in a § 1404(a) analysis." *Plant Equip. Inc. v. Intrado Inc.*, Civil Action No. 2-09-cv-395-TJW, 2010 WL 2465358, at *3 (E.D. Tex. June 16, 2010) (Waldrop Decl. at Ex. R); accord *Volkswagen II*, 545 F.3d at 316

(modern conveniences "does not render this factor superfluous").

Here, Google's relevant documents are either located at or are accessible and ultimately managed from Google's California headquarters in Mountain View, in the Northern District of California. Hoffman Decl., ¶¶ 3, 12. Google employees working on the design and development of the Accused Product, and those relating to the marketing, sales, pricing and finance decisions for these products, are also in Northern California. Hoffman Decl., ¶¶ 6-8.

Google has no relevant witnesses or documents in the Eastern District of Texas. Hoffman Decl., ¶¶ 9-11, 13-14. There is no indication that any relevant evidence or witnesses are in the Eastern District of Texas. Hoffman Decl., ¶¶ 13-14. Plaintiff is a resident of Tokyo, Japan. The named inventors appear to reside in Ashiya, Japan, and Tokyo, Japan. Waldrop Decl., ¶ 3; Ex. B. The attorney who prosecuted the '493 patent works in Washington, D.C. *Id.*, ¶ 4; Ex. C.

The Federal Circuit has repeatedly held that this factor favors transfer to the Northern District of California when presented with similar facts. *Genentech*, 566 F.3d at 1340-41 (transferor venue "indisputably ha[d] no connection to any of the witnesses or evidence relevant to the cause of action."); *see also In re TS Tech USA Corp.*, 551 F. 3d at 1321 (ease of access favors transfer where "none of the evidence is located in Texas").

Given that the documents and witnesses are in Northern California, a consideration of the access to sources of proof strongly favors transfer to the Northern District of California.

2.    *Availability of Compulsory Process Favors the Northern District of California*

All potential witnesses with relevant information must be considered in analyzing the availability of compulsory process, regardless of their likelihood of testifying. *Genentech*, 566 F.3d at 1343 ("Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that

7

basis is unnecessary.").  However, "[t]he venue's ability to compel testimony through subpoena power is . . . an important factor," and may be "invaluable."  *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010).  This factor will weigh the heaviest for transfer when a transferee venue, like the Northern District of California here, has subpoena power over important third-party witnesses for both depositions and trial (termed "absolute subpoena power").  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *Blue Spike*, 2014 U.S. Dist. LEXIS 52426, at *103 (A venue is favored when it has subpoena power to compel attendance at deposition and trial over the majority of non-party witnesses.) (Ex. V); *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 875 (E.D. Tex. 2013) (While courts analyze the convenience of both party and non-party witnesses, "the convenience to non-party witnesses is afforded greater weight than that of party witnesses."); *Regent Markets Group, Ltd. v. IG Markets, Inc.*, No. 2:10-CV-42, 2011 WL 1135123, at *3 (E.D. Tex. Mar. 25, 2011) (noting that the availability of compulsory process "will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue.") (Waldrop Decl. at Ex. S)

Here, as explained above in section II.C.3, none of the third party witnesses with knowledge about potentially invalidating prior art reside in Texas, let alone the Eastern District of Texas.  Waldrop Decl., ¶¶ 13-18, Exs. L-Q.  Meanwhile, the Northern District of California is home to at least one third party witness, Mr. Sushil Prakash, who invented and was the original owner of key prior art.  Waldrop Decl., ¶ 12, Ex. K.  Because, by contrast, there are no potential witnesses within the subpoena power of this Court, this factor supports transfer.

> 3.    *Cost of Attendance for Willing Witnesses Favors the Northern District of California*

The "single most important factor in transfer analysis" is the convenience to and cost for the witnesses to travel and attend trial.  *Genentech*, 566 F.3d at 1343. The Fifth Circuit explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205.  Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance traveled."  *Blue Spike*, 2014 U.S. Dist. LEXIS 52426, at *104 (*citing In re Volkswagen I*, 371 F.3d at 204-05) (Ex. V).  The "100-mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter distance from witnesses than the transferor venue. *Volkswagen II*, 545 F.3d at 317.  Where no potential witnesses reside in the plaintiff's chosen forum, favoring the court's location as central to all witnesses is improper.  *Genentech*, 566 F.3d at 1344.

None of Google's witnesses are in Texas.  Hoffman Decl., ¶¶ 9-11, 13.  Google does not employ individuals with knowledge about the Accused Product in the Eastern District of Texas. Hoffman Decl., ¶ 9.  Google's witnesses who work on the design and development of the Accused Product are in or near Mountain View, California.  Hoffman Decl., ¶¶ 7-8.  The engineering team responsible for developing the Accused Product is in Mountain View. Hoffman Decl., ¶ 8.  Under the 100-mile guideline, because most material witnesses reside within the Northern District of California, and no witnesses reside in Texas, let alone the Eastern District of Texas, this factor weighs heavily for transfer.  *See, e.g., In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011) (concluding that transferee forum was —far more convenient than the Eastern District where many witnesses resided in transferee forum and none resided within 100 miles of the plaintiff's chosen forum).

9

The cost of attendance to Google would be substantial if trial proceeded in the Eastern District of Texas – over 1,600 miles from Mountain View, California.  There are no direct flights between any city in Northern California, and Shreveport Regional or Longview East Texas Regional (the closest airports to Marshall, Texas).  Waldrop Decl., ¶ 5, Ex. D.  It would also disrupt Google's business if key employees must travel to the Eastern District of Texas, spending an entire day to travel to and from Marshall.  *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (considering "losses in productivity from time spent away from work") (citation omitted).  These costs would be minimized by transferring this case to the Northern District of California where Google's witnesses are located.

The Northern District of California is a more convenient forum for Plaintiff.  Plaintiff will have to travel a significant distance from Tokyo, Japan to the United States regardless of whether this case is litigated in the Eastern District of Texas or the Northern District of California.  However, it would be closer and easier for Plaintiff to travel to the Northern District of California than to the Eastern District of Texas.  It is approximately 5,100 air miles from Tokyo, Japan to the San Francisco, California, while it would be over 6,600 miles from Tokyo to Shreveport Regional.  Waldrop Decl., ¶ 6, Ex. E.  Additionally, both San Jose International Airport and San Francisco International Airport offer direct flights to and from Tokyo, Japan. Waldrop Decl., ¶ 7, Ex. F.  For these reasons, the Northern District of California would also be more convenient for the inventors, both of whom reside in Japan (Tokyo and Ashiya).

This factor weighs substantially for transfer.  *Genentech*, 566 F.3d at 1345 ("Because a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in favor of transfer.").

      4.     *All Other Practical Problems That Make Trial of a Case Easy,*
                *Expeditious and Inexpensive Favor Transfer*

No practical problems exist that would deter this Court from transferring to Northern

California because this case is in its infancy.  *See Transunion Intelligence L.L.C. v. Search*

*America, Inc.*, Case No. 2:10-CV-130, 2011 WL 1327038, *5 (E.D. Tex. Apr. 5, 2011) (Waldrop

Decl. at Ex. U). No discovery has been served or taken and Google just today responded to the

complaint.  Waldrop Decl., ¶ 2, Ex. A.  And the scheduling conference will not take place until

December 8, 2015.  Waldrop Decl., ¶ 2, Ex. A.  *Internet Machs. LLC v. Alienware Corp.*, No.

10-cv-023, 2011 U.S. Dist. LEXIS 66207, at *26-*28 (E.D. Tex. Jun 7, 2011) (transfer is more

convenient when request precedes initial disclosures or the entry of a scheduling order) (Waldrop

Decl. at Ex. W).

**C.**      **Public Interest Factors Support Transfer to the Northern District of**
           **California**

Besides private interest factors, courts also consider public interest factors in deciding

whether transfer is appropriate.  The public interest factors include: "(1) the administrative

difficulties flowing from court congestion; (2) the local interest in having localized interests

decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4)

the avoidance of unnecessary problems of conflict of laws in the application of foreign law."  In

re Volkswagen I, 371 F.3d at 203 (citing Piper Aircraft Co., 454 U.S.at 241 n.6).  At least two

public interest factors support transfer, while the other two factors are neutral.

      1.     *Relative Court Congestion Supports Transfer*

The Eastern District of Texas is more congested than the Northern District of California

for patent litigation.  For the year 2014, the Eastern District of Texas ranked first in the number

of new patent, trademark and copyright cases filed, at 1,750, an increase of 195 over the prior

year.  Waldrop Decl., ¶¶ 8-9, Exs. G-H.  In 2014, the Northern District of California saw only

478 new patent, trademark and copyright cases filed, up only 9 from 2013.  *Id.*  The eight U.S.

District Judges and eight Magistrate Judges in the Eastern District of Texas are burdened with

more recently-filed patent cases than the 23 U.S. District Judges and 12 Magistrate Judges of the

Northern District of California.  Waldrop Decl., ¶¶ 10-11, Ex. I-J.  Accordingly, this factor

favors transfer.

> 2.     *Local Interest in Having Localized Interests Decided at Home Favors Transfer*

While the location of the alleged injury is an important consideration, this Court has

recognized that "when products are sold throughout the United States, citizens of a venue do not

have a particularized interest in deciding the dispute simply based on product sales within the

venue."  *Blue Spike*, 2014 U.S. Dist. LEXIS 52426, at *110 (*citing In re Nintendo*, 589 F.3d at

1198) (Ex. V).  While the Accused Product in this case is available nationwide, the Northern

District of California, nonetheless, has a particularized local interest in resolving this dispute

because the Accused Product was developed and is maintained and managed by Google staff,

engineers, and managers there.  Local interest, thus, strongly favors transfer to the Northern

District of California.  *See, e.g.*, *In re Hoffman-La Roche*, 587 F.3d at 1336 (destination venue's

local interest in the case was "strong because the cause of action calls into question the work and

reputation of several individuals residing in or near that district and who presumably conduct

business in that community"); *Network Prot. Sciences, LLC v. Juniper Networks, Inc.*, No. 10-

cv-224-JRG, 2012 U.S. Dist. LEXIS 7575, at *21 (E.D. Tex. Jan. 23, 2012) (local interest

favored transfer from Texas where plaintiff had "small and fairly recent operations" to California

where defendants were headquartered, developed the accused products, and employed thousands

of people.) (Waldrop Decl. at Ex. X); *Software Rights Archive, LLC v. Google Inc.*, No. 2:07-cv-

511, 2010 WL 2950351, at *5 (E.D. Tex. July 22, 2010) (Magistrate Judge Everingham found

that the Northern District of California had a strong local interest because Google and several other defendants were headquartered there.) (Waldrop Decl. at Ex. T).

This factor favors transfer even more strongly here than in some of the cases cited above because Plaintiff has no ties to the Eastern District of Texas, no witness lives in this District, and no documents exist in this District.  The Court must consider local interest because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  *Volkswagen I*, 371 F.3d at 206 (citation omitted).  Interests that "could apply virtually to any judicial district or division in the United States," such as nationwide sale of the allegedly infringing products, are disregarded for particularized local interests.  *Volkswagen II*, 545 F.3d at 318.  Here, the interests of the Eastern District of Texas in resolving this dispute could apply to any judicial district in the country since no party has any genuine connection to this District.  This District's resources should not be wasted, and instead should be preserved for disputes with genuine ties to this District, by transferring this case to the Northern District of California, which has a particularized local interest.

### 3. Both Forums Are Familiar with the Governing Law

This Court and the Northern District of California are equally familiar with patent law. This factor is neutral.

### 4. There is No Conflict of Law Question

This case does not implicate conflicts of law and this factor is neutral.

## V.   SEVERANCE OF THIS CASE AS TO CO-DEFENDANTS IS APPROPRIATE

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Motorola Mobility Holdings, Inc., Motorola Mobility LLC, LG Electronics Inc., LG Electronics Mobilecomm U.S.A., Inc., LG Electronics U.S.A., Inc., ASUSTeK Computer Inc., ASUS Computer International, and Huawei Technologies Co., Ltd.

(collectively, the "Retailer Defendants") are not opposed to and indeed plan to join Google's motion to transfer venue to the Northern District of California.  Waldrop Decl., ¶ 28. Nonetheless, if the Court is unwilling to transfer this case due to the pending claims against Retailer Defendants, Google respectfully requests that the case be severed as to them.

Under Federal Rule of Civil Procedure 21, the Court has broad discretion to determine whether to sever a claim against a party.  *Schifferaw v. Emson USA*, C.A. 2:09-cv-54, 2010 U.S. Dist. LEXIS 25612, at *1 (E.D. Tex. mar. 18, 2010) (Waldrop Decl. at Ex. Y).  The *Schifferaw* Court noted that severance is appropriate where the following factors are met:

> (1) whether the remaining claims are peripheral to the severed claims; (2) whether adjudication of the severed claims would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims.  *Id.* at *4.

In *Shifferaw*, the Court held severance of a patent infringement suit as to the retailer defendants was appropriate because the claims against them were only "peripheral," and adjudication of the claims against the primary defendant manufacturer would dispose of the claims against the severed defendants.  *Id.* at *2-3.

Here, similar to *Shifferaw*, Plaintiff's claims against the Retailer Defendants are peripheral because they focus on the sale of devices using Google's Accused Product – the Smart Lock feature.  As against the Motorola entities, LG entities, ASUS entities, and Huawei Technologies Co., Ltd., Plaintiff alleges that each "manufactures and/or sells Android-based Smartphones and Tablets, which come preinstalled with or able to update to Android 5.  (Dkt. 1, ¶¶ 52, 56, 60, 64.)  As against the Samsung entities, Plaintiff alleges that it "manufactures and/or sells Android-based and the other operating system-based Smartphones and Tablets.  Android-based Smartphones and Tablets come pre-installed with or able to update to Android 5."  (Dkt. 1, ¶ 48.)  Accordingly, Plaintiff's only claims against the Motorola entities, LG entities, ASUS entities, and Huawei Technologies Co., Ltd. are peripheral since they focus on the sale of Smart

14

Lock devices.  Analogous to *Shifferaw*, adjudication of the claims against Google, the developer of Smart Lock, would dispose of the claims against these entities.

While Plaintiff accuses the Samsung entities of selling products using Smart Lock, he also alleges that certain Samsung devices infringe the '493 patent based on their incorporation of Samsung-specific software.  (Dkt. 1, ¶¶ 48-50.)  Nevertheless, Plaintiff maintains that the Samsung-specific software has an "'Auto Lock security function, which is the same as the Android 5 'Smart Lock' security function."  (*See id.*, ¶ 48).  Thus, Plaintiff's claims against the Samsung entities are peripheral because disposal of his claims against Google would correspondingly dispose of his claims against the Samsung.

As discussed above, the § 1404(a) factors warrant transfer of the severed claims because the private and public interest factors weigh in favor of transfer to the Northern District of California.  Should the Court decline to transfer venue of the entire case to the Northern District of California, severance of this action as to Retailer Defendants and transfer of this action against Google to the Northern District of California is appropriate because Plaintiff's claims as to the Retailer Defendants are peripheral to the litigation.

## VI.   <u>CONCLUSION</u>

Google respectfully requests this Court transfer this action to the Northern District of California or, in the alternative, sever this action as to Retailer Defendants and transfer this action as to Google to the Northern District of California.

Dated:   November 23, 2015

Respectfully submitted,

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
CA Bar No. 297903
jwaldrop@kasowitz.com
KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA  94065
Tel:  (650) 453-5170
Fax:  (650) 453-5171

G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
J. Mark Mann
State Bar No. 12926150
Mark@TheMannFirm.com
MANN | TINDEL | THOMPSON
300 West Main St.
Henderson, TX 75652
Tel: (903) 657-8540
Fax: (903) 657-6003

Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of **DEFENDANT GOOGLE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, TO SEVER THE CASE AS TO CO-DEFENDANTS AND TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA,** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 23rd day of November, 2015.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop

17

**CERTIFICATE OF CONFERENCE**

Pursuant to L.R. CV-7(i), the undersigned hereby certifies that counsel for Google Inc. and Plaintiff Ryujin Fujinomaki met and conferred by email on November 20, 2015, and have complied with L.R. CV-7(h). Plaintiff Ryujin Fujinomaki opposes the motion, conclusively leaving the parties at an impasse, and an open issue for the Court to resolve.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop